1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KOHEN DIALLO E. UHURU,                    No.  2:23-cv-1321 WBS DB P

12                  Plaintiff,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   DANIEL E. CUEVA, et al.,

15                  Defendants.

16

17        Plaintiff, a state prisoner, proceeds pro se with a civil rights action. Plaintiff seeks relief

18   under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act

19   ("RLUIPA"). Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF

20   No. 2) and motion for default judgment (ECF No. 10). For the reasons set forth below, the

21   undersigned will recommend the motions be denied.

22                                    **IN FORMA PAUPERIS**

23   **I.        In Forma Pauperis Statue**

24        The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

25   the commencement and prosecution of any suit without prepayment of fees by a person who

26   submits an affidavit indicating that the person is unable to pay such fees. However,

27              [i]n no event shall a prisoner bring a civil action . . . [in forma
                paupers] if the prisoner has, on 3 or more prior occasions, while
28              incarcerated or detained in any facility, brought an action or appeal

                                                 1

1

2
> in a court of the United States that was dismissed on the grounds that
> it is frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger of
> serious physical injury.

3

4
28 U.S.C. § 1915(g).

5
    This "three strikes rule" was part of "a variety of reforms designed to filter out the bad

6
claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S.

7
Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)).

8
If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma

9
pauperis unless he meets the exception for imminent danger of serious physical injury. See

10
Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the

11
complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with

12
imminent danger of serious physical injury at the time his complaint was filed. See Williams v.

13
Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

14
    **II.      Has Plaintiff Accrued Three Strikes?**

15
    A review of actions filed by plaintiff reveal that plaintiff is subject to 28 U.S.C. § 1915(g)

16
and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was

17
filed, under imminent danger of serious physical injury. Judges have previously found that

18
plaintiff has accrued at least three strikes. See Uhuru v. Eldridge, No. 2:19-cv-1119 KJN P, 2020

19
WL 3100257 (E.D. Cal. June 11, 2020); Uhuru v. Paramo, No. 3:17-cv-0960 GPC BGS, 2017

20
WL 2312224 (S.D. Cal. May 26, 2017).

21
    The court takes judicial notice of those cases and plaintiff's prior filings described therein.

22
MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial

23
notice of its own records and the records of other courts).  Those cases include: (1) Diallo v.

24
Yarborough, No. 2:03-cv-5401 JVS VBK (C.D. Cal. Feb. 5, 2004) (granting defendants' motion

25
to dismiss and stating, "[t]he allegations in the Complaint [were] insufficient to state a claim

26
against each individual defendant . . ."); (2) Diallo v. Moskowitz, No. 2:07-cv-7109 JVS VBK

27
(C.D. Cal. June 1, 2009) (granting defendants' motion to dismiss and dismissing the complaint

28
with prejudice); (3) Diallo v. Greenman, No. 2:07-cv-2937 JVS VBK (C.D. Cal. Sept. 21, 2009)

2

(dismissing the amended complaint with prejudice upon finding the allegations insufficient to state a federal civil rights claim). The strikes described all occurred prior to plaintiff's initiation of the present action in 2023.

### III.   Does Plaintiff Meet the Imminent Danger Exception?

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.

Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint. (ECF No. 1.) Therein, he alleges he suffered bodily injury from officers when he was thrown on the floor face down. (Id. at 5.) He was injured by staff assault during a cell extraction. (Id.) Plaintiff has suffered retaliation and discrimination for filing grievances. (Id.) Plaintiff was put in involuntary isolation in a mental health crisis bed when he was not suicidal. (Id.) Plaintiff has suffered "draconian acts of slavery" and malicious abuse from arrival at CMF to present day. (Id.) Plaintiff is deprived of sunlight and fresh air because pathogens flow through the ventilation system. (Id.) Plaintiff had to sleep in soiled clothes for weeks. (Id.)  Plaintiff is denied the right to practice his Nubian Hebrew Israelite religion and denied the designation of "Priest" as a pronoun. (Id. at 6.) Plaintiff has to eat kosher food instead of "soul food" for plaintiff's religious diet, which is discriminatory. (Id. at 6-7.)

3

1    Plaintiff is denied in-cell musical worship. (Id. at 7.) Plaintiff has been denied incontinence

2    supplies, topical cream for chronic pain, pain medication, prescription eyewear, requested CPAP

3    machine and a cane. (Id. at 10-11.) Plaintiff seeks monetary damages and injunctive relief. (Id. at

4    7)

5         At the outset, the court notes plaintiff's complaint contains many conclusory statements

6    that defendants violated his rights without providing factual allegations indicating what actions

7    defendants took that caused those rights violations. As stated above, vague and conclusory

8    assertions of harm are insufficient to meet the imminent danger standard. White, 157 F.3d at

9    1231-32.

10        The court also notes that plaintiff has raised similar allegations in prior cases, and it was

11   determined that such allegations were insufficient to meet the imminent danger exception.  See

12   Uhuru v. Mancusi, No. 2:20-cv-2088 KJM KJN P, 2021 WL 2622087, at *3-4 (E.D. Cal. June 25,

13   2021) (finding allegations of lack of fresh air and outdoor exercise, together with his claims that

14   he was denied the ability to practice his Nubian Hebrew Israelite religion were insufficient to

15   meet imminent danger exception), findings and recommendations adopted in full, 2021 WL

16   4442745 (E.D. Cal. Sept. 28, 2021); Uhuru v. Rao, No. 2:20-cv-1613 DB P, 2021 WL 1884997,

17   at *2 (May 11, 2021) (finding allegations that defendants prevented him from practicing his

18   religion by denying him a single cell and the ability to fast during holy fast days were insufficient

19   to meet imminent danger exception); Uhuru v. Velasquez, No. 2:20-cv-1267 JAM DB P, 2021

20   WL 619768, at *2 (E.D. Cal. Jan 6, 2021) (vague and conclusory allegations related to practice of

21   religion, solitary in-cell worship, denial of outdoor exercise insufficient to meet imminent danger

22   exception).

23        Plaintiff's allegations regarding soiled clothes and denial of hygiene items and

24   medications are also not sufficient to meet the imminent danger exception. Plaintiff has not

25   explained how any of the deprivations placed him in danger. See Turner v. California, No. 3:19-

26   cv-2363 BAAS LL, 2020 WL 804889, at *3 (S.D. Cal. Feb. 18, 2020) (finding plaintiff's failure

27   to "explain how the denial of his right to 'personal hygiene' placed him imminent danger" at the

28   time he filed the complaint insufficient to meet imminent danger exception).

1    Similarly, plaintiff's allegations that some of the defendants used excessive force against

2    him on a prior unspecified date is not sufficient to meet the imminent danger exception. <u>Taylor v.</u>

3    <u>Carter</u>, No. 1:13-cv-1155 SAB (PC), 2014 WL 11774844, at *1 (E.D. Cal. May 5, 2014) (finding

4    plaintiff's allegations of "excessive force, retaliation, and due process allegations arising from his

5    placement and retention in administrative segregation" failed to show plaintiff was in imminent

6    danger at the time the complaint was filed); <u>Driver v. Pohovich</u>, No. 2:22-cv-1672 DB P, 2023

7    WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023)  (finding allegations of excessive force that occurred

8    approximately two months prior to plaintiff filing the complaint failed to meet imminent danger

9    exception).

10    The complaint's allegations fail to show that plaintiff was in imminent danger at the time

11    the complaint was filed in this action. Therefore, plaintiff's request to proceed in forma pauperis

12    should be denied. Because no defendant has been required to appear, plaintiff's motion for default

13    judgment should also be denied.

14    ////

15    ////

16    ////

17    ////

18    ////

19    ////

20    ////

21    ////

22    ////

23    ////

24    ////

25    ////

26    ////

27    ////

28    ////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED as follows:

1.  Plaintiff's motion for default judgment (ECF No. 10) be denied;

2.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

3.  The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and

4.  The court orders plaintiff to pay the $400 filing fee in order to proceed in this action.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 8, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
uhur1321.scrn.3strikes+pi

6